UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID L. WILLIAMS, SR. (#5478)**            CIVIL ACTION

**VERSUS**

           18-148-SDD-RLB

**WARDEN GRIMES, ET AL.**

### ORDER

The *pro se* plaintiff, an person confined at the East Baton Rouge Parish Prison ("EBRPP") filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Grimes, Major Clement, Captain Scott and Deputy Persick complaining that his constitutional rights have been violated due to interference with his right of access to the courts. He prays for monetary and injunctive relief.

The plaintiff alleges that he is being denied access to the law library and the courts because unspecified deputies are denying him copies of requested documents because they have no knowledge of the requested documents or do not have them on file. The plaintiff further alleges that as a result, he has been unable to comply with unspecified orders issued by two state courts and this Court.

A substantive right of access to the courts has long been recognized. *Lewis v. Casey,* 518 U.S. 343, 347 (1996), *citing Bounds v. Smith,* 430 U.S. 817, 821 (1977). Specifically, access to the courts is incorporated into the First Amendment right to petition the government for redress of grievances. *Driggers v. Cruz,* 740 F.3d 333, 336–37 (5th Cir. 2014) citing *Bill Johnson's Rests., Inc. v. N.L.R.B.,* 461 U.S. 731 (1983). In its most obvious and fundamental manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices or otherwise, the transmission of

legal documents that prisoners wish to send to the courts. *Ex parte Hull,* 312 U.S. 546 (1941) (striking down a state regulation prohibiting prisoners from filing petitions for habeas corpus without the approval of a state official); *Jackson v. Procunier,* 789 F.2d 307, 310–11 (5th Cir. 1986) (prison officials may not deliberately delay mailing legal papers when they know that such delay will effectively deny a prisoner access to the courts). Nor can they take other actions—such as confiscating or destroying legal papers—that would have a similar effect. *See Foster v. City of Lake Jackson,* 28 F.3d 425, 429 (5th Cir. 1994), *citing Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir. 1989). The fundamental constitutional right of access to the courts also requires that prison authorities assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). This right extends to pretrial detainees as well as to convicted inmates. *Boyd v. Nowack,* 2010 WL 892995, *2 (E.D. La. March 11, 2010), *citing United States v. Moya–Gomez,* 860 F.2d 706, 743 (7th Cir. 1988).

The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey, supra,* 518 U.S. at 356. Further, in order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that has he suffered some cognizable legal prejudice or detriment as a result of the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996). In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so. *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation

stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983''). Finally, an inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997). Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," *Christopher v. Harbury,* 536 U.S. 403, 415 (2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Id.*

In the present matter, the Complaint as written fails to state a claim for denial of access to the courts for several reasons. The Complaint is composed entirely of generalized allegations of denial of access by unspecified persons. The plaintiff has not identified with specificity any particular cause of action in which his rights were impeded. Nor has the plaintiff alleged that the deprivations stemmed from intentional conduct on the part of the defendants. Moreover, the plaintiff has not alleged, with specificity, to have suffered any legal prejudice or detriment as a result of the defendants' actions. The Court has determined that the plaintiff should be allowed to amend his Complaint in order to provide this information. Accordingly,

**IT IS ORDERED** that the plaintiff shall, within twenty (20) days from the date of this Order, file an amended complaint which shall contain a separate paragraph as to each named defendant and claim. In each separate paragraph, the plaintiff shall, keeping in mind the deficiencies noted above, provide the following information:

1. The specific name or other identifying information of the defendant;
2. The date(s) on which the named defendant is alleged to have been involved;

3. Specific facts as to the acts or omissions of the defendant;

4. The specific constitutional violation alleged to have been committed by the defendant; and

5. The specific harm the plaintiff claims to have suffered as a result of the alleged violation.

**IT IS FURTHER ORDERED** that the plaintiff shall not incorporate by reference, or otherwise, any portion of the complaint previously submitted and shall not attach it or any portion of the complaint previously submitted as an exhibit. The plaintiff must state specific facts and dates as to each defendant.

**IT IS FURTHER ORDERED** that failure to comply with this Order will result in dismissal of the plaintiff's complaint with prejudice.

Signed in Baton Rouge, Louisiana, on November 20, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**